UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRACIELA RIVAS,

    Plaintiff,

v.                                              Case No: 2:18-cv-670-FtM-38MRM

SPEEDWAY, LLC,

    Defendant.
                                       /

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Graciela Rivas' Motion to Remand. (Doc. 13). Defendant Speedway, LLC has not responded, and the time to do so has expired. For the reasons below, the Court grants the motion.

Rivas has sued Speedway for workplace sex harassment and retaliation under the Florida Civil Rights Act of 1992. (Doc. 2). She filed this suit in Florida state court. Speedway timely removed the case to this Court citing diversity jurisdiction as the basis for removal. (Doc. 1). Rivas now moves to remand the case to state court because Speedway has not established the amount in controversy exceeds $75,000. (Doc. 13).

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). To have original jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and there

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

must be complete diversity of citizenship between the parties. *See id.* § 1332(a). The removing party must prove jurisdiction by a preponderance of the evidence. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). When examining removal, "[f]ederal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Sols., Inc. v. Nat'l Ins. Crime Bureau, Inc.*, 6:09-cv-226, 2009 WL 10670811, at *1 (M.D. Fla. May 11, 2009) (citing *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir. 1999)).

Rivas argues that Speedway has not shown the amount in controversy exceeds $75,000 at the time of removal. She claims her back pay damages totaled at most $15,699.75, which includes an extra year of back pay to account for the expected time between now and trial. Rivas also asserts that Speedway has artificially upped the ante "by improperly attempting to pile on nebulous amounts for compensatory damages, punitive damages, front pay, and attorneys' fees" to meet the jurisdictional threshold amount. (Doc. 13 at 3).

A court generally accepts the amount in controversy has been satisfied when the plaintiff claims "a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2013). When, as here, a plaintiff pleads an unspecified amount of damages, the removing defendant must prove by a preponderance of the evidence the claim on which jurisdiction is based exceeds the jurisdictional minimum. *See Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). Sometimes, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* (quotation omitted).

When it is not apparent, however, courts may use "deduction, inference, or other extrapolation of the amount in controversy." *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 753-54 (11th Cir. 2010). They may also use "their judicial experience and common sense." *Roe*, 613 F.3d at 1062. But a court's deductions, extrapolations, and common sense are not without bounds. *Id.* A court simply cannot speculate or guess about the amount in controversy. See *Pretka*, 608 F.3d at 752. And, pertinent here, the court must "focus[] on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751 (citations omitted).

Speedway has not shown the amount in controversy exceeds $75,000. The actual back pay at the time of removal is only $10,980.75. Even if the Court broke with this district's case law by considering back pay post-removal, Speedway still falls far short of the jurisdictional threshold. See *Ogle v. Kauffman Tire, Inc.*, No. 8:16-cv-894-EAK-TBM, 2016 WL 3913138, at *2 (M.D. Fla. July 20, 2016) (stating the "main line of cases" in this district "hold that the back pay damages *at the time of removal* prevail on the issue of determining if the amount in controversy"). Speedway's allegations on front pay, compensatory damages, punitive damages, and attorneys' fees are also too nebulous to support its contentions. Other than Speedway's say so, the company offers no evidence and points to nothing in the record to support its assertions on the amount in controversy. In resolving all uncertainness for remand, as the Court must do, Speedway has not established the jurisdictional threshold by a preponderance of the evidence. The Court thus grants Rivas' motion and remands this case to state court.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Graciela Rivas' Motion to Remand (Doc. 13) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record